117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian BRADLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William WEGNER, Defendant-Appellant.
 Nos. 96-50015, 96-50022.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided July 2, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CR-94-00278-KN-2, CR-94-00278-KN-01; David V. Kenyon, District Judge, Presiding.
 Before: BROWNING and SCHROEDER, Circuit Judges and RESTANI, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Appeal from the United States District Court for the Central District of California David V. Kenyon, District Judge, Presiding Argued and Submitted May 5, 1997 Pasadena, California
 
 
 3
 The district court did not err in applying the United States Sentencing Guidelines to determine the value of the wildlife defendants conspired to import. As fair market retail price is admittedly difficult to ascertain, the district court is to "make a reasonable estimate using any reliable information." United States Sentencing Commission, Guidelines Manual, § 2Q2.1 comment. (n. 4) (Nov.1995) ("USSG"). Examples of reasonable methods of estimation in the application note include restitution cost, reasonable replacement cost and cost of taxidermy. Id. Obviously, a wide range of methods is acceptable.
 
 
 4
 The only reliable information presented to the court for estimation of the value of the protected wildlife was that of the government. As defendants intended to sell live cockatoos, not eggs, the district court multiplied the value of a live bird of a particular type by the quantity of eggs of the same type smuggled by defendants. Defendants did not establish an applicable mortality rate which might be used to discount the live bird based value. Mortality rates for eggs in the wild are not probative as defendants removed the eggs from the nest with the intent of selling live birds. The eggs did not remain in the wild where they were subject to predation or weather. As no discounted value was established, it is unnecessary to decide if a discounted value would be a more accurate estimate for Sentencing Guidelines purposes. See USSG § 2Q2.1 comment. (n.4).
 
 
 5
 Furthermore, the court reached the same result in United States v. Oehlenschlager, 76 F.3d 227, 230 (8th Cir.1996), in the absence of a fair market retail price for eggs smuggled with the intent of selling live birds. Valuing the wildlife at issue by reference to the sales value of live birds was not error.
 
 
 6
 Accordingly, we affirm the judgment of the district court. AFFIRMED.
 
 
 
 **
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3